IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN VICENCIO, #28334-177, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 4:21-CV-00571-SDJ-|
| § | CAN |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Juan Vicencio's Amended Complaint [Dkt. 9]. After considering the Amended Complaint, and all other relevant filings, the Court *sua sponte* recommends that Plaintiff's suit be **DISMISSED WITH PREJUDICE**, as set forth herein.

**BACKGROUND**

*Pro se* Plaintiff Juan Vicencio ("Plaintiff"), a federal inmate presently confined at Oakdale FCI, filed the instant suit on July 21, 2021, against the United States of America ("Government"), for "deprivation of his Vth[sic], VIIIth[sic], and XIVth[sic] Amendment Right's while acting under color of law[] Persuant[sic] to 42 U.S.C.S. 1983 [and] seek[ing] a cause of Action for civil indifference[sic]" [Dkt. 1 at 1]. This case was referred to the undersigned for further proceedings on that same day [Dkt. 2]. Plaintiff filed a Motion to Proceed *In Forma Pauperis* [Dkt. 3]. On August 18, 2021, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* [Dkt. 6]; and, directed Plaintiff to file an amended complaint [Dkts. 5; 8].

Plaintiff filed his Amended Complaint—the live pleading—on October 18, 2021 [Dkt. 9]. Plaintiff's Amended Complaint alleges the Government's "unconstitutionable[sic] and unethical conduct deprived Plaintiff of his liberty" [Dkt. 9 at 4]. In their totality, Plaintiff's pleadings allege

United States Attorney of the Eastern District of Texas submitted a "defective grand jury indictment" and then conspired with his defense counsel to initiate a "malicious prosecution" of Plaintiff [Dkt. 1 at 3]. Plaintiff continues that all other persons charged by defective indictments had their cases dismissed, except for Plaintiff who is a Latin American citizen [Dkt. 1 at 13]. Plaintiff states the relief sought as follows: "The Court should invalidate Plaintiff's [federal] conviction, and issue a certificate of innocence" [Dkt. 9 at 4]. Although Plaintiff asserts his claims under § 1983, because the named defendant is the federal government, the Court construes the claims as brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 297 (1971).[1]

### SCREENING UNDER 28 U.S.C. § 1915

Plaintiff is currently a federal prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim de novo, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."), *cert. denied*, 139 S. Ct. 626 (2018). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the

---

[1] *Bivens*, of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert. denied*, 543 U.S. (2004).

complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Montgomery v. Barr*, No. 4:20-CV-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020) (citing *Coleman v. Tollefson*, 575 U.S. 532 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief)); *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004).

Because Plaintiff is proceeding *in forma pauperis*, his Complaint is also subject to screening under § 1915(e). *See* 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See Jackson v. Johnson*, No. CV 18-0512, 2018 WL 3372049, at *1 (W.D. La. June 25, 2018), *report and recommendation adopted*, No. 3:18-CV-00512, 2018 WL 3370571 (W.D. La. July 10, 2018); *Martin*, 156 F.3d at 579-80; 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Nottingham v. Richardson*, 499 F. App'x 368, 372 (5th Cir. 2012) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Moreover, although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

As discussed *infra*, the Court finds that Plaintiff's *Bivens*-type[2] civil rights lawsuit should be dismissed because Plaintiff's claims are barred by *Heck v. Humphrey*.

## ANALYSIS

**Heck *Bar***

Plaintiff was indicted on June 13, 2013, in the Eastern District of Texas, by Superseding Indictment, on two counts. *USA v. Vicencio,* 4:13-cr-00092-MAC-CAN, ECF No. 62 (E.D. Tex. June 13, 2013). Count One charges a violation of 21 U.S.C. 846, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; Count Thirteen charges a violation of 21 U.S.C. 841(a)(1), Possession With Intent to Distribute Methamphetamine. Subsequent to indictment, an Information was docketed in Plaintiff's cause, charging him in one count with a violation of 21 U.S.C. 841(a)(1) Possession with Intent to Distribute Methamphetamine. *Id.* at ECF No. 313. On June 9, 2014, Plaintiff executed a waiver of indictment and proceeded to enter a plea of guilty to Count 1 of the Information. *Id.* at ECF 327-335. Plaintiff was sentenced on December 18, 2014, by United States District Judge Marcia A. Crone to 135 months imprisonment *Id.* at ECF 467. At the time of sentencing all remaining counts (those set forth in the Superseding Indictment) were dismissed on the motion of the United States.

As relief in this cause, Plaintiff now asks the Court to invalidate his federal conviction and issue a certificate of innocence [Dkt. 9 at 4]. This Court cannot do so. In *Heck v. Humphrey*, 512 U.S. 477 (1994), "the Supreme Court unequivocally held that no cause of action exists under § 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional convictions or imprisonment, or otherwise collaterally attacking the constitutionality of the convictions that form the basis for their incarceration, *unless* the state prisoner can show that the state criminal

---

[2] *Bivens*, 43 U.S. 388.

conviction he is collaterally attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so." *Henry v. Kerr Cnty., Tex.*, No. SA:16-CV-284-DAE-PMA, 2016 WL 2344231, at *5 (W.D. Tex. May 2, 2016) (emphasis in original) (citing *Heck*, 512 U.S. at 477). The *Heck* bar applies no matter the relief sought (damages or equitable relief), if success in the action would necessarily demonstrate the invalidity of the conviction. *Moore v. Sawyer*, No.1:10CV310, 2010 WL 6004375, at *2 (E.D. Tex. July 2010) (citing *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (dismissing a plaintiff's *Bivens* complaint with prejudice subject to reassertion if the requirements of *Heck* are met)); *see also Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005). Important here, while *Heck* involved a civil rights lawsuit filed by a state prisoner pursuant to 42 U.S.C. § 1983, the principles established in *Heck* have also been found to apply to lawsuits filed by federal prisoners pursuant to *Bivens* which imply that a federal criminal conviction is invalid. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) ("for purposes of a civil rights action implicating the validity of a conviction, there should be no distinction between state and federal prisoners and that the analysis of a federal prisoner's *Bivens*-type action which implicated his conviction 'should parallel the analysis used to evaluate state prisoners' 1983 claims'"); *see also Pond v. Carpenter*, No. 7:18-cv-158-O, 2022 WL 1179838, at *2 (N.D. Tex. Mar. 31, 2022) (dismissing plaintiff's § 1983 claim under *Heck* because "Plaintiff's federal conviction has not been reversed, expunged, or otherwise invalidated."); *Pearson v. Holder*, No. 3:09-CV-00682-O, 2011 WL 13185719, at *5 (N.D. Tex. Apr. 2011) ("The Fifth Circuit has also applied *Heck* to federal prisoner plaintiffs bringing *Bivens* actions against federal defendants. [] Accordingly, the critical inquiry in this case is whether a judgment in favor of the plaintiff in this civil action would 'necessarily imply the invalidity of his conviction or sentence'").

Plaintiff is plainly collaterally challenging the fact of his federal criminal conviction. He claims in this civil action that the indictment issued against Plaintiff was defective and that his prosecution was malicious and expressly requests the Court "invalidate his [federal] conviction" and "issue a certificate of innocence" [Dkt. 9 at 4]. As an initial matter, the Court notes that Plaintiff pleaded to the Information in his cause, not the allegedly defective Superseding Indictment. All the same, Plaintiff's request is barred by *Heck*; the relief Plaintiff requests is invalidation of his federal conviction. *See, e.g.*, *Brown v. Martin*, No. 1:11cv466, 2011 WL 6942298, at *1-2 (E.D. Tex. Nov. 1, 2011) (finding plaintiff's claim that he was wrongfully imprisoned as a result of a federal criminal conviction barred under *Heck* because "[a] finding in plaintiff's favor would imply that his federal criminal conviction was invalid.") (J. Giblin), *report and recommendation adopted*, No. 1:11-CV-466, 2012 WL 12820 (E.D. Tex. Jan. 3, 2020); *Migliaccio v. Martin*, No.1:12cv179, 2012 WL 2116408, at *1-2 (E.D. Tex. May 4, 2012) (J. Hawthorn) (finding plaintiff's "*Bivens*-type" civil rights lawsuit was barred by *Heck* as a finding in his favor would imply that his federal criminal conviction was invalid), *report and recommendation adopted*, No. 1:12-CV-179, 2012 WL 2116403 (E.D. Tex. June 8, 2012); *see also Capri v. Williams,* No. 4:12-CV-930-Y, 2013 WL 1655987, at *2 (finding plaintiff's construed *Bivens*-type action where plaintiff asserted § 1983 claims was barred under *Heck* because "in effect, attacks the constitutionality of a conviction or imprisonment [] and does not accrue until that conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'").

Plaintiff has failed to demonstrate that his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a

federal court's issuance of a writ of habeas corpus. And in fact, Plaintiff cannot demonstrate at present that his criminal conviction has been reversed, vacated, or otherwise abrogated; Plaintiff presently has pending in this District, in a separate cause, a motion to vacate his sentence under 28 U.S.C. § 2255. *Vicencio v. USA*, 4:20-cv-00625-MAC-KPJ, ECF No. 1 (E.D. Tex. July 30, 2020). Plaintiff is pursing the same claims—namely that he was charged with a defective indictment—in his motion to vacate his sentence under 28 U.S.C. § 2255. *Id.*, at ECF No. 5 at 4 ("Grand Jury was expired on it's time to issue an indictment.").³ Such claims are more properly raised in Plaintiff's pending habeas action. *See Ortiz-Lopez v. Fed. Bureau of Prisons, Director*, 830 F. App'x 127, 133 (5th Cir. 2020) ("Section 2255 is the primary means to collaterally attack a federal conviction and sentence."); *see also Parker v. Guthrie*, No. 6:19-CV-00026-H, 2020 WL 5525173, at *2 (N.D. Tex. Aug. 24, 2020) ("The Court will not reach the merits of Plaintiff's allegations in this civil-rights action because they are more properly raised in Plaintiff's pending habeas action. It is clear [] Plaintiff has not satisfied Heck's favorable termination requirement. Thus, no civil-rights claim has accrued. In sum, Plaintiff has failed to state a cognizable claim under Section 1983 or *Bivens*"). To reiterate, "challenging the validity of his federal conviction [is] barred by *Heck* because he has not shown that his 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Ortiz-Lopez*, 830 F. App'x at 135 (citing *Heck*, 512 U.S. at 486-87). The present civil rights lawsuit should therefore be dismissed with prejudice. *See Stephenson,* 28 F.3d at 27-28; *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249, 250 (5th Cir. 1994).

---

³ Worthy of note, Plaintiff's Amended Complaint in this cause represents that Plaintiff has not filed any other lawsuit in state or federal court relating to his imprisonment [Dkt. 9 at 2]. However, such statement is untrue; at the time of the filing of Plaintiff's Amended Complaint he had already filed the pending habeas action and was seeking in that cause the same or similar relief to that sought herein.

## CONCLUSION AND RECOMMENDATION

Accordingly, upon review under 28 U.S.C. §§ 1915(e) and 1915A, the Court *sua sponte* recommends that Plaintiff's suit should be **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.[4]

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of June, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[4] Claims barred by *Heck* should be dismissed with prejudice until the *Heck* conditions are met. *Chi v. Stover*, No. 4:16cv317, 2016 WL 10988774 (E.D. Tex. Nov. 3, 2016) (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).